[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court are Eastland Savings Bank's ("Eastland") Motions to Consolidate and its verified petitions to foreclose mortgage. Cityplace Associates ("Cityplace") and Sheldon L. Gerber ("Gerber") have objected to Eastland's petitions. Johnson and Wales University ("Johnson and Wales") has filed a Motion for an Order to Compel Attendance at deposition and request for Attorney Fees and Eastland has filed an objection thereto. After notice to all interested parties a hearing on Eastland's petitions was conducted by this Court on July 12, 1991. Jurisdiction is pursuant to Rhode Island General Laws 1956
(1984 Reenactment) § 34-28-16.1. For the reasons set forth below Eastland's Motions to Consolidate and its verified petitions to foreclose are granted and Johnson and Wales motion is denied.
On May 18, 1990 Koury Steel Erection, Inc. ("Koury") filed a petition to enforce mechanics' lien pursuant to 34-28-13. Eastland entered its appearance and filed a verified petition to foreclose mortgage under § 34-28-16.1.
On June 13, 1990 P.J. Maffei Corp. ("Maffei") filed a petition to enforce mechanics' lien pursuant to § 34-28-13. Eastland entered its appearance and filed a verified petition to foreclose mortgage under § 34-28-16.1.
The facts alleged in Eastland's verified petitions are uncontested. On September 15, 1987 CityPlace executed a promissory note in the original principal amount of Six Million Two Hundred Fifty Thousand Dollars ($6,250,000) ("Note") and an Open-End Mortgage in favor of Eastland ("Mortgage"). The mortgage covers certain real property located at 95 Eddy, 160 and 176 Weybosset, 2 Garnet and 96 Pine Streets in Providence, Rhode Island ("Mortgaged Premises"). Said Mortgage was amended on July 14, 1989. Cityplace is in default on the note and a demand has been made for payment of all indebtedness thereunder. CityPlace has failed to satisfy its indebtedness to Eastland. Eastland recorded the mortgage on September 16, 1987. Koury Steel Erection, Inc. recorded its mechanic's lien on April 20, 1990 and P.J. Maffei Corp. recorded its mechanic's lien on May 10, 1990.
Eastland argues that since it has demonstrated that the mortgage is valid, that it is entitled to priority, and that CityPlace is in default, this court should grant the verified petitions to foreclose mortgage. CityPlace and Gerber argue that Eastland must bring a complaint pursuant to § 34-27-1 (the "mortgage foreclosure" Statute) in order to foreclose the mortgage because § 34-28-16.1 does not provide this court with the power to adjudicate the rights of the mortgagee and mortgagor.
Johnson and Wales, the third mortgagee, argues that since Rule 81(a) of the Superior Court Rules of Civil Procedure applies only to the process and pleadings stages then discovery must be permissible in a mechanics' lien action. The University claims that it should be permitted to investigate, through discovery, whether there is any evidence to support a challenge to Eastland's priority. Eastland responds that only after §34-28-16.2 takes effect on September 1, 1991 will discovery be permitted in a mechanics' lien action.
DISCUSSION
In as much as both actions involve a common question of law and fact pending before this court both actions are consolidated for the purpose of the hearing, the decision rendered on Eastland's petitions and the decision rendered on Johnson and Wales motion.
In regard to Johnson and Wales' motion, the issue of Eastland's priority has existed ever since the mechanics' lien actions were filed in the spring of 1990. The University has had over a year to initiate discovery but has declined to do so until Eastland filed its petition. Johnson and Wales has presented a strong argument for permitting discovery in a mechanics' lien action. However, it has not persuaded this court that discovery is warranted at the eleventh hour of these proceedings, particularly when Eastland is clearly entitled to successfully pursue it's petition. Therefore, the Motion is denied.
This court finds unpersuasive the argument of CityPlace and Gerber that a separate action must be brought under § 34-27-1. Section 34-28-16.1 provides this court with the power to grant a petition to foreclose a mortgage upon a showing by the "mortgagee that the mortgage is valid, entitled to priority and is in default for failure of the mortgagor to make the payments due on said mortgage." If the legislature intended § 34-28.16.1 to limit this court's power to merely adjudicating the rights of the lienors and the mortgagee the statute would not state "may petition the court to exercise the power of sale contained in said mortgage." By vesting in this court the power to decide whether the mortgagee may exercise the power of sale the legislature has provided this court with authority to adjudicate the rights of the mortgagor as well as the lienors.
Upon a review of the undisputed facts set forth in Eastland's verified petitions and substantiated by the exhibits attached thereto, this court finds that Eastland has shown that the mortgage is valid, that Eastland is entitled to priority over the lienors (by virtue of the fact that the mortgage was recorded prior to recording of the liens), and that CityPlace is in default for failure to make the payments due on the mortgage. In as much as Eastland has satisfied the requisite elements under §34-28-16.1, this court grants the petitions to foreclose.
Counsel shall prepare the appropriate judgment for entry.